### In re YOUMANS.

PER CURIAM. 1. The amendment to the constitution of the State, proposed by the act of the legislature, approved July 3, 1906, and ratified at the general election held October 3, 1906, contains the following, among other provisions: "The Supreme Court shall have no original jurisdiction, but shall be a court alone for the trial and correction of errors in law and equity from the superior courts in all civil cases, whether legal or equitable, originating therein, or carried thereto from the court of ordinary, and in all cases of conviction of a capital felony, and for the determination of questions certified to it by the Court of Appeals . . The Court of Appeals shall have jurisdiction for the trial and correction of errors in law and equity from the superior courts in all cases in which such jurisdiction is not conferred by this constitution on the Supreme Court, and from the city courts of Atlanta and Savannah, and such other like courts as have been or may be hereafter established in other cities, and in such other cases as may hereafter be prescribed by law, except that where, in a case pending in the Court of Appeals, a question is raised as to the construction of a provision of the constitution of this State or of the United States, or as to the constitutionality of an act of the General Assembly of this State, and a decision of the question is necessary to the determination of the case, the Court of Appeals shall so certify to the Supreme Court, and thereupon a transcript of the record shall

be transmitted to the Supreme Court, which, after having afforded to the parties an opportunity to be heard thereon, shall instruct the Court of Appeals on the question so certified, and the Court of Appeals shall be bound by the instruction so given."

2. Where there was pending in the Court of Appeals a case in which, among other things, an attack was made on the constitutionality of an act of the legislature, and that court- held adversely to the plaintiff in error, and he made a motion for ·a rehearing, wherein it was. in effect, prayed that the court grant a rehearing on such question, among others, and the court denied the motion, and it does not appear that the plaintiff in error at any time requested the court to certify such constitutional question to this court for decision, *held*, that upon the application of plaintiff in error, for a writ of mandamus requiring the Court of Appeals to certify such constitutional question to this court for decision, a mandamus nisi will be denied.

3. Whether this court has the power, under any circumstances, by mandamus to require the Court of Appeals to certify to this court any constitutional question need not, in this case, be determined.

*Mandamus nisi denied. All the Justices concur, except* ATKINSON, J., dissenting. I can not agree to the judgment of the majority of the court. Under my views of the law and the case as made, the applicant is entitled to the writ of mandamus nisi as prayed.

Submitted December 13,—Decided December 17, 1909.

Application for mandamus.

*W. G. Brantley, L. A. Wilson, W. W. Lambdin, W. M. Toomer, F. W. Dart, J. L. Crawley,* and *W. F. Crawley,* for the applicant.